**CAMILLA v. UNITED STATES.**

**No. 11843.**

United States Court of Appeals
Sixth Circuit.

Oct. 22, 1953.

Allen, Circuit Judge, dissented.

Harry B. Miller, Jr., Lexington, Ky.
(Harry B. Miller, Jr., Lexington, Ky., on
the brief), for appellant.

Joseph C. Lewis, Asst. U. S. Atty.,
Lexington, Ky. (Claude P. Stephens, U.
S. Atty., Lexington, Ky., on the brief),
for appellee.

Before ALLEN, McALLISTER, and
MILLER, Circuit Judges.

McALLISTER, Circuit Judge.

The sole question presented by this ap-
peal from a judgment rendered upon a
verdict finding appellant guilty of violat-
ing 18 U.S.C., § 2312, is whether the ap-
pellant was entitled to a judgment of ac-
quittal at the close of appellee's case.

The appellant and Joseph Conciello
were jointly charged with having trans-
ported stolen automobiles in violation of
law. The first count of the indictment
averred that on and about the second day
of September, 1951, the defendants trans-
ported a stolen motor vehicle, to wit, a
1951 Oldsmobile, Motor No. 8C204726,
from Detroit, Michigan, to Fayette Coun-
ty, Kentucky, knowing the same to have
been stolen. The second count of the
indictment charged defendants with the
transportation, on September 2, 1951, of
a stolen motor vehicle, to wit, a 1951
Oldsmobile, Motor No. 8C203501, from
Detroit, Michigan, to Fayette County,
Kentucky, knowing the same to have been
stolen.

Appellant was tried alone due to the
fact that Conciello, at the time of the
trial, was confined in the penitentiary.
Evidence was presented to the effect that
two 1951 Oldsmobile No. 98 Holiday cars
were stolen from the fenced-in car lot of
W. S. Sheldon, a dealer in Detroit, Michi-
gan, on the week-end between August 31
and September 4. Sheldon went to Knox-
ville, Tennessee, identified one car, and
personally had it redelivered to him. The
second car was trucked back from Lex-
ington, Kentucky, and delivered to Shel-
don in Detroit.

Appellant contends that car
8C204726, covered by the first count of
the indictment, was not identified, and
on this question, the district court, in
denying a motion for verdict of acquit-
tal, stated:

"they have proven that a car describ-
ed here in Count one was found down
here stolen from the car lot in De-
troit, Michigan, was found out here
on the Frogtown Road in Fayette
County, and that it had this De-
fendant's fingerprints on it, of this
man on this stolen automobile."

Without discussing the details of the evi-
dence, we are of the opinion that the car

on which Camilla's fingerprints were found was sufficiently identified as one of the stolen cars in question.

■ There is not, however, sufficient evidence to sustain the verdict of appellant's guilt. He was, admittedly, in the company of Conciello, with whom he was jointly indicted, on many occasions in Lexington, Kentucky. Conciello had two stolen automobiles in Lexington. He turned one of them over to a man named McGill to sell for him in Knoxville, Tennessee. McGill was a resident of Lexington and worked at a used car lot. He was the government's principal witness, and it was sought to prove by him that both appellant and Conciello had carried on negotiations with him and arranged for him to take the Oldsmobile to Knoxville to sell it. McGill, however, denied that he had ever talked with appellant about the Oldsmobile and stated that his entire conversation and negotiation with respect to this car were solely with Conciello and that appellant was not even present at their conversations with regard to this car. McGill stated that his only conversation with appellant concerning an automobile was about a Buick car that appellant was trying to sell. This Buick was actually owned by appellant.

The other Oldsmobile which had been stolen in Detroit was found on a country road in Kentucky four days after the seizure of the car which McGill had taken to Knoxville. It was admitted that appellant's fingerprints were found in the car, on the rear vision mirror, on September 8, 1952, about a week after the two cars had been stolen. Many other fingerprints were found and "lifted" by the police, but the officer taking the fingerprint impressions testified that he didn't know whose prints they were at that time; and these other fingerprints were never identified on the trial.

The government rested its case on the above evidence, and counsel for appellant moved for a directed verdict of not guilty. The district court held that the government had proved the car in question was stolen; that appellant's finger-

prints were found in it shortly after it was stolen; and that this established a prima facie case of appellant's guilt of transporting a stolen automobile in interstate commerce from Detroit, Michigan, to Lexington, Kentucky. But if this were so, the government would have established an equally strong prima facie case against any of the other persons who had associated with Conciello, and whose fingerprints were likewise found in the car, a week after it had been stolen; and this seems untenable. In fact, under such a rule, any acquaintance of Conciello, who had been seen riding with him in the car during the time he had it in Lexington, could, for this reason alone, have been found guilty of the crime charged.

From the foregoing, there was not sufficient evidence of appellant's guilt of the crime charged to be submitted to the jury at the close of the government's proofs. There appears no proof or evidence from which inferences could be drawn that appellant knew that the Oldsmobile had been stolen; and there was no proof that appellant and Conciello were jointly engaged in selling cars, or that appellant had ever tried to sell any car, except his own Buick. The fact that appellant had been in the stolen car sometime during the period of a week between the time the car was stolen and while it was in Lexington, Kentucky, as had, apparently, numerous other persons, according to the fingerprints therein found, and the further fact that appellant was also in the company of Conciello at various times during the same period, as were other admittedly innocent persons, are not inconsistent with appellant's innocence, for this shows nothing more than association with one guilty of crime; and this is not enough to sustain a verdict of guilt.

Because of the failure of proof, a verdict of not guilty should have been directed on appellant's motion at the close of the government's proofs. The judgment is, accordingly, reversed, and appellant is discharged.

ALLEN, Circuit Judge (dissenting).

I regret that I cannot agree with the judgment of reversal entered by my colleagues. In Lexington, Kentucky, where one of the stolen cars was recovered, Camilla was seen around September 1, 1951, in company with Conciello, who had been indicted jointly with Camilla. At the time when Conciello was seen with Camilla in Lexington Conciello was engaged in selling one of the stolen cars. The other stolen car was found in Fayette County, Kentucky, September 8, 1951, having been abandoned with the keys in it. It contained certain latent fingerprints, eight of which were stipulated by counsel to be those of Camilla. These fingerprints were on the rear view mirror. The above testimony unexplained was sufficient to require the submission of the case to the jury, which found Camilla guilty.

Its verdict and the judgment based thereon should not be set aside.