George KOURY, Appellant,

v.

UNITED STATES of America, Appellee.

No. 12199.

United States Court of Appeals, Sixth Circuit.

Decided Dec. 20, 1954.

Philip A. Gillis, Detroit, Mich. (George S. Fitzgerald, Detroit, Mich., on the brief), for appellant.

Ronald L. Greenberg, Detroit, Mich. (Fred W. Kaess, U. S. Atty., Detroit, Mich., on the brief), for appellee.

Before SIMONS, Chief Judge, and MILLER and STEWART, Circuit Judges.

PER CURIAM.

The appellant was convicted of conspiracy to violate the Motor Vehicle Theft Act, 18 U.S.C.A. § 2311 et seq., in the transportation of a stolen automobile in interstate commerce. The prin-

cipal witness against him was a fellow conspirator by the name of Shamy. The evidence shows that the appellant and Shamy drove to Atlanta, Georgia, on February 8, 1950, and procured false registration certificates for a 1949 car, that later they stole a 1949 Ford in Dearborn, Michigan, that the car was driven by Shamy and a third conspirator to Utica, New York, where it was sold on February 25th under the name of Mike Martino for $1,000.00. The purchaser paid $290.00 in cash and agreed to mail a check to a given address in Dearborn, Michigan, made out to Mike Martino, that the appellant was at that address in Dearborn when the check was received and made claim to it. The overt acts recited in the indictment included the obtaining of the false registration documents, the stealing of the car, the driving of it to New York, and the claiming of the letter by the appellant in Dearborn. All of the overt acts were proved except that the appellant drove the car to Utica, New York.

The contentions here made are that notwithstanding a conspiracy to steal and sell stolen cars the appellant did not engage in any conspiracy to transport such cars in interstate commerce, that obtaining false registration certificates before any cars were stolen was inadmissible because it occurred before the forming of the conspiracy, and that the claiming of the letter was likewise inadmissible because the conspiracy ended when the car was sold in New York. They are all without merit. A conspiracy may be proved not only by evidence as to what the conspirators expressly planned but by what they did in concert with each other in violating the law. It was within the competence of the jury reasonably to infer from the obtaining of foreign registration that the plan included the driving of cars in interstate commerce and by the driving of one thereafter over State lines. A conspiracy is not ended by the illegal transportation of a stolen car when the fruits of the transportation are yet to be obtained and divided by the conspirators.

The appellant knew that the stolen car was to be driven to Utica, New York, and that the check for the balance of the purchase price was to be sent in the name of Martino to an address in Dearborn, where he later claimed it.

The conviction is affirmed.