**Loyd Carroll GRANDSINGER, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 7596.**

United States Court of Appeals
Tenth Circuit.

May 22, 1964.

William J. Cayias, Salt Lake City, Utah, for appellant.

David K. Winder, Asst. U. S. Atty., Salt Lake City, Utah (William T. Thurman, U. S. Atty., Salt Lake City, Utah, was with him on the brief), for appellee.

Before BREITENSTEIN, HILL and SETH, Circuit Judges.

PER CURIAM.

The appellant was indicted for transporting in interstate commerce a motor vehicle knowing the same had been stolen, in violation of § 2312, Title 18 U.S.C. He was tried by a jury, convicted, and has taken this appeal asserting several errors by the trial court.

■ The appellant first urges that the trial court was in error in refusing on the voir dire examination of prospective jurors to explain to them the terms, "reasonable doubt" and "presumption of innocence," and also in refusing to ask the jurors whether or not they would give the accused the benefit of such rules. The court did question the ju-

rors on the several points as requested by the attorney for the appellant, but refused to make the explanations above referred to. The court advised the jury panel that the indictment was no more than a charge, and that the Government had the burden of proving to the satisfaction of the jury beyond all reasonable doubt the truth of the allegations contained in the charge. The court told the propsective jurors of the presumption of innocence which attended the appellant throughout the trial, and at the conclusion of the case the court instructed the jury in detail as to reasonable doubt, gave them the definition thereof, and otherwise properly instructed the jury. It was within the discretion of the trial court to refuse to ask the questions or to undertake the explanation that was here requested by the appellant. It is apparent that under certain circumstances the refusal of a trial judge to ask certain questions may be error. This court discussed the discretion of the trial court in the examination of prospective jurors in Speak v. United States, 161 F.2d 562 (10th Cir.). We find under the facts of this case that there was no abuse of this discretion, and in the absence of such showing the action of the trial judge will not be disturbed.

■ The appellant complains also that it was error for the trial court to ask a witness to identify the defendant during the course of the trial. The court asked a witness whether or not the appellant was the same individual who had been hired by the witness in California. We see nothing improper in the action of the court in this regard. It should also be noted that the purpose of this witness's testimony was to establish the fact that the appellant was in California on a certain date. Shortly after this witness testified, the appellant stipulated that he was in Los Angeles on the date in question. We see no merit to this point of appellant.

■ The court refused instructions offered by the appellant which request-

ed that the jury be advised that possession of the stolen car raises no "presumption" that the car was transported in interstate commerce. We find no error in the refusal of the court to grant these instructions. The tendered instructions are misleading. The trial court otherwise properly instructed the jury on the inferences that could be drawn from the facts, and further on the burden that had to be borne by the Government. This was not contrary to Bollenbach v. United States, 326 U.S. 607, 66 S.Ct. 402, 90 L.Ed. 350.

The appellant also objects to the instruction of the court relating to inferences that can be drawn from the facts, including the possession of an automobile in Utah which was shown to have been stolen in the state of California. The instruction given is a proper one on the fact that inferences may be drawn by the jury from the facts established in the case. There was adequate evidence and testimony in the case upon which such an instruction could be based. Likewise the comments of the court in connection with these same points were proper. We have previously held that the jury may properly infer from the fact that the accused is in possession of a car recently stolen in another state that the possessor knew the car was stolen when he transported it in interstate commerce. An inference of this character has been discussed recently in Fitts v. United States, 328 F.2d 844 (10th Cir.), and in Seefeldt v. United States, 183 F.2d 713 (10th Cir.), and Fitts v. United States, 284 F.2d 108 (10th Cir.).

We also find no error in the admission by the trial court of certain machine record cards offered by a witness to show the title of the automobile in question. The offer was made through a person in whose custody the cards were kept, and they were admitted as ordinary business records.

The case is therefore affirmed.