Richard Andrew **ALLISON**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

**No. 8042.**

United States Court of Appeals
Tenth Circuit.

June 28, 1965.

The charge against appellant relates to a 1962 Chevrolet which was stolen in Springfield, Missouri, during the night of July 11, 1964. A car of similar appearance was seen by a farmer parked in a field near Elk City, Kansas, in the early morning of July 13. Two men were in the car. The farmer identified the one sitting in the right-hand front seat as the appellant. On the evening of the same day the farmer saw the car in the same location but with no person in it who was visible. When he circled the car to approach it, the car was driven away. It was found abandoned the next morning near Elk City. The car was subsequently identified as the Chevrolet which had been stolen in Springfield. A fingerprint lifted from the wing window of the right front door of the car was identified as the print of the right index finger of the defendant. On the afternoon of the 13th a car was stolen in Elk City and found the next day in Pawhuska, Oklahoma. The appellant and another were arrested several blocks from the place where that car was found. In the pocket of one of them—the record does not disclose which one—was a jumper cable. The defense offered no evidence.

Peter J. Mulvaney, Cheyenne, Wyo., for appellant.

Guy L. Goodwin, Asst. U. S. Atty. (Newell A. George, U. S. Atty., District of Kansas, on the brief), for appellee.

Before PICKETT, BREITENSTEIN and HILL, Circuit Judges.

BREITENSTEIN, Circuit Judge.

A jury found appellant guilty of the interstate transportation of a stolen motor vehicle in violation of 18 U.S.C. § 2312. He appeals from the judgment sentencing him to a term of three years and contends that the evidence is insufficient to sustain the conviction.

To convict under § 2312 the government must prove that the vehicle was stolen, that it was transported in interstate commerce, and that such transportation was with knowledge that the vehicle was stolen. Proof that an accused is in possession of a vehicle recently stolen in another state sustains the inferences that he knew the vehicle was stolen and that he transported it in interstate commerce.[1] The basis of the inferences is the possession of the vehicle. Absent possession no inference may be drawn. As used in this context the term possession means actual control, dominion, or authority.[2]

1. Fitts v. United States, 10 Cir., 284 F.2d 108, 110–111. See also Grandsinger v. United States, 10 Cir., 332 F.2d 80, 82, and Fitts v. United States, 10 Cir., 328 F.2d 844, 846, certiorari denied 379 U.S. 851, 85 S.Ct. 96, 13 L.Ed.2d 55.

2. See Pearson v. United States, 6 Cir., 192 F.2d 681, 692–693, and authorities assembled in concurring opinion in Barfield v. United States, 5 Cir., 229 F.2d 936, 942–943.

█ The proof of possession is that appellant was seen sitting in the right-hand front seat—not the driver's seat—while the car was standing still and that the print of one of his fingers was found on the wing window of the right front door. Fingerprints on a stolen car were held insufficient to convict of a violation of § 2312 in Camilla v. United States, 6 Cir., 207 F.2d 339, 340. Testimony that appellant was sitting as a passenger in the stationary car adds nothing of significance. Neither the fingerprint nor the presence in the car shows control, dominion, or authority over the car. In Glover v. United States, 10 Cir., 306 F.2d 594, 595, we said that evidence which creates a mere suspicion of guilt will not sustain a conviction. Here the evidence may create a suspicion of possession but that is not enough to warrant a finding of possession from which the inferences of required knowledge and interstate transportation may be drawn.

After viewing the entire evidence in the light most favorable to the government, we conclude that it was not sufficient to support the verdict.

Reversed and remanded with instructions to dismiss.