Kenneth FITZPATRICK, Herbert Thomas Branch, Appellants,

v.

UNITED STATES of America, Appellee.

No. 26170.

United States Court of Appeals Fifth Circuit.

April 30, 1969.

514

Earl Gillian, Montgomery, Ala., Court appointed, for appellants.

Ben Hardeman, U. S. Atty., Montgomery, Ala., Vernol Jansen, Jr., U. S. Atty., Mobile, Ala., Jack B. Patterson, Asst. U. S. Atty., for appellee.

Before WISDOM and GODBOLD, Circuit Judges, and HUGHES, District Judge.

GODBOLD, Circuit Judge:

A jury found appellants guilty of interstate transportation of a stolen motor vehicle in violation of the Dyer Act, 18 U.S.C. § 2312, and they were sentenced to prison terms of thirty months. We find no merit in several errors asserted.[1] However, we agree with appellants that the evidence presented by the government was insufficient to support the verdict, and, accordingly, we reverse. Since appellants made no motion for judgment of acquittal, we reverse only because allowing these convictions to stand on the record before us would be a manifest miscarriage of justice. Beckett v. United States, 379 F.2d 863 (9th Cir. 1967); Milam v. United States, 322 F.2d 104 (5th Cir. 1963); Clark v. United States, 293 F.2d 445 (5th Cir. 1961).

In a Dyer Act case the government has the burden of proving (1) that the car was stolen, (2) that defendant

---

1. Appellants allege that two proposed instructions should have been granted and that the trial court failed adequately to instruct the jury concerning the definition of "transporting" and "possession." The trial court properly refused appellants' requested instructions, since there is no requirement that a defendant have *exclusive* possession of the automobile or that the vehicle have been stolen by him.

Error was also assigned in regard to the cross-examination of appellant Branch concerning a previous manslaughter conviction, on the ground that manslaughter does not involve the requisite moral turpitude for admission into evidence in an Alabama state trial. This court rejected that argument in Roberson v. United States, 249 F.2d 737, 72 A.L.R. 2d 434 (5th Cir. 1957), *cert. denied*, 356 U.S. 919, 78 S.Ct. 704, 2 L.Ed.2d 715 (1958).

transported it in interstate commerce and (3) that defendant had the requisite guilty knowledge concerning the theft of the car. Moody v. United States, 377 F. 2d 175 (5th Cir. 1967). On each element the government must present substantial evidence from which a jury might find the accused guilty beyond a reasonable doubt. United States v. Martin, 375 F. 2d 956 (6th Cir. 1967).

To prove the requisite elements of transportation and guilty knowledge in this case the government relied on the familiar proposition that unexplained possession of a recently stolen vehicle in another state may give rise to an inference that the party in possession transported the vehicle and knew that it was stolen. Barfield v. United States, 229 F.2d 936 (5th Cir. 1956). The narrow issue we decide is the sufficiency of the evidence of possession. Because unexplained possession of a recently stolen vehicle permits substantial inferences which may help prove two essential elements of the government's case, the evicence relied on as proof of possession must be scrutinized with care to prevent injustice. Guevara v. United States, 242 F.2d 745 (5th Cir. 1957). A mere suspicion of possession will not support the inferences of transportation and guilty knowledge. Paige v. United States, 394 F.2d 105 (5th Cir. 1968); Montoya v. United States, 402 F.2d 847 (5th Cir. 1968).

We consider the evidence in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). A car was stolen in Sarasota, Florida. Soon thereafter it was observed by an officer in Andalusia, Alabama, at a red light under the illumination from street lights. The officer did not then know the car was stolen. He could not identify appellants as occupants nor could he tell how many persons were in the car. The car took off at high speed, the officer followed, and a chase ensued culminating in the wreck of the automobile.

When the officer came upon the accident scene he saw two men, identified by him at the trial as appellants, get out of the car. One got out on the driver's side, but he could not identify which one it was. The car had four doors, and the officer testified that the doors already were open when he came upon the scene. The officer observed the appellants flee to the right side of the road and pursued them in that direction. After a fruitless chase he returned to the scene of the wreck. In spite of his testimony that he saw only two men leave the car and that both fled to the right side of the road, he then searched the left side of the road, where he found unidentified tracks in the frozen ground. Neither the officer nor any other witness saw either appellant drive the car or under the wheel of the car. No fingerprints were lifted from the interior of the vehicle.

Thirty to forty minutes after the accident appellants turned themselves in to the local authorities in the vicinity of the accident. Their explanation then and at the trial was that they were hitchhikers, picked up on the outskirts of Sarasota by an unknown driver. They claimed to know nothing of the car's being stolen until, when the wreck occurred, the driver told them the car was stolen and they had better run. They went one way and he went another.

The police searched nearby for the alleged driver, but did not find him.

Thus we know that appellants rode in the car from Sarasota to Andalusia, were in it when it wrecked, and got out and fled. They gave explanations for their presence and actions which a jury might reject, and did reject. It is easy to get the eye off the target in a case like this, to focus so precisely on the inviting bullseye of the defendant's failure to give a credible explanation of why he was on the scene and what he was doing, that the requirement of posseession never gets under the gunsight, and as a consequence the defendant is subjected to the critical inferences not because he is a non-explaining possessor but because he is an incredible non-possessor who is where

the action is.[2] The possession of a stolen vehicle which if unexplained gives rise to the important inferences of transportation and guilty knowledge, means to have "management, care, dominion, authority and control, singly or jointly" over the vehicle. Lawrence v. United States, 400 F.2d 624, 627 (9th Cir. 1968); see also Barfield v. United States, supra, 229 F.2d at 942–943 (Brown, J., concurring). Possession means more than being in or around a stolen vehicle. Evidence that a defendant was a passenger in a stolen vehicle does not alone prove the possession necessary to give rise to the inferences of transportation and guilty knowledge. Wheeler v. United States, 382 F.2d 998 (10th Cir. 1967); Lawrence v. United States, supra; Paige v. United States, supra. Fingerprints on the interior of the automobile, standing alone, are not sufficient to show possession. Allison v. United States, 348 F.2d 152 (10th Cir. 1965); Camilla v. United States, 207 F.2d 339 (6th Cir. 1953). In *Allison* proof that the defendant was seen sitting in the righthand front seat while the car was standing still and that his fingerprints were found on the right front door was held insufficient. In his concurring opinion in *Barfield* Judge Brown holds actual driving by one temporarily in a car as a hitchhiker is not enough.

 There is no substantial evidence that either appellant ever asserted control or dominion over the car. We do not exclude the possibility that possession may be proved, in this case as well as others, by circumstantial evidence, if strong enough. But in a circumstantial evidence case the inferences to be drawn from the evidence must not only be consistent with guilt but inconsistent with every reasonable hypothesis of innocence. Montoya v. United States, *supra*. Inferences can be drawn in this case which are wholly consistent with the story of the appellants.[3]

---

**2.** Montoya v. United States, supra, demonstrates that a less-than-credible explanation by the accused cannot be the basis for a conviction requiring possession if the evidence of possession is insufficient. Montoya was arrested while riding as a passenger in a pick-up truck with a closed body, containing 25 sacks of marijuana weighing 539 pounds. The driver pleaded guilty to a narcotics offense. But Montoya asserted that he had been along for the ride to visit his brother in jail and was merely on the way home. En route the driver went to a ranch, two strange men took the truck away and later returned it, and Montoya and the driver resumed their journey. The road where they were arrested did not lead to Montoya's house.

This court viewed Montoya's story as "not entirely creditable" but noted that while the jury had rejected it, "nothing in his testimony tends to support the Government's charge." The conviction for transporting and concealing, under 21 U.S.C.A. § 176a, was reversed.

**3.** On cross-examination Office Culpepper said:
Q Yes. Now, would you mind telling the jury your occasion for looking over that way [the area where the tracks were]?

A Well, I mean, whenever that I seen those two—well, I was just looking, I mean, around the car there and just seen that little sand where the water and rain had washed this sand up there, and I just looking to see if, you know, if there was anybody else went the opposite direction.

Q In other words, you didn't know but what there might be someone else?
A That's right.

Several articles of clothing found in the stolen vehicle were described as much too large for either Branch or Fitzpatrick. The owner of the car testified that there were no clothes in it when it was stolen. Appellants indicated that the alleged third party was a rather large man whom the clothes might be expected to fit.

Neither appellant had anything in his possession, such as a key or ownership paper, that would tend to indicate control over the automobile. Each appellant testified that he did not possess a driver's license.

The testimony of the officer concerning his search of the left side of the road, and the tracks found there, tends to corroborate the testimony of Fitzpatrick and Branch.

At oral argument before us the possibility was pursued of whether the evidence could be sufficient on the following theory. The officer saw only two men flee the scene. The evanescent driver was never found. This allowed an inference that one of the two appellants, and it matters not which, was the driver, and the jury could infer that he was not a hitchhiker transitorily driving (cf. *Barfield,* supra). Therefore, one appellant had sufficient dominion and control to support his conviction. The remaining appellant could be found guilty on the basis of "constructive possession" by him as a participant in a common enterprise or as an aider and abettor. In the first place, the inference of actual possession by one of two persons on the ground that actual possession necessarily was in one of them, is not permissible. In Guevara v. United States, supra, marihuana was found on the floor of a car, under the seat, halfway between the driver's seat and the passenger's seat. The owner-driver was arrested. His unnamed companion occupying the passenger's seat was released and he went his way. At trial the police testified that either Guevara or his passenger could have placed the cigarettes in the position where they were found. The government relied on the statutory presumption. Guevara was convicted. This court reversed. See also Barfield v. United States, 229 F.2d at 939 n. 5. In the second place, pretermitting the absence of proof of who had actual possession and who had "constructive possession," possession thus imputed from one person to another is not sufficient to support conviction where there is no proof of the interstate transportation or of knowledge by the alleged constructive possessor. Hernandez v. United States, 300 F.2d 114 (9th Cir. 1962).

The judgment of conviction must be reversed, and the case remanded to the district court. Appellants already have served a substantial part of the sentences imposed on them. If the government can produce substantial additional evidence at a new trial it must make this known to the district court promptly, otherwise appellants must be discharged.

Reversed and remanded.