**William Dorris ROGERS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 95–69.**

United States Court of Appeals
Tenth Circuit.

Oct. 9, 1969.

L. Richard Freese, Jr., Denver, Colo., for appellant.

James L. Treece, U. S. Atty., Denver, Colo. (Gordon L. Allott, Jr., Asst. U. S. Atty., on the brief), for appellee.

Before LEWIS, Circuit Judge, FAHY, Senior Circuit Judge,* and SETH, Circuit Judge.

FAHY, Senior Circuit Judge.

In the District Court for the District of Colorado appellant was convicted of violating the Dyer Act, 18 U.S.C. § 2312. The information—indictment had been waived—charged that on or about November 8, 1968 he transported a stolen Chevrolet Station Wagon in interstate commerce from Oklahoma City, Oklahoma, to La Junta, Colorado, then knowing it to have been stolen.

There is no dispute on appeal that the evidence supports the findings of the jury, inherent in its verdict of guilty, that the car was stolen in Oklahoma City and that it had been transported in interstate commerce to La Junta within some 37 hours after its theft. The dispute is over whether appellant thus transported the car knowing it had been stolen.

There was evidence that on November 8, at about 1:45 a. m. an officer of the La Junta Police Department observed the car on a street in La Junta with three occupants, one of whom was appellant, the driver. It pulled into a service station. One occupant went into and immediately came out of the station and got back into the car. The car itself then came out and went again into the station. Appellant then went into the station and he too immediately returned and brought the car back onto the street. The officer pulled up behind the car and caused it to stop, whereupon appellant got out and came back towards the officer's car. When asked for his driver's license appellant said he did not have one. The officer testified he did not know who drove the car across state lines or whether appellant knew the car was stolen, but that he had observed appellant drive the car about a mile. The case was submitted to the jury on this evidence, with none offered by appellant.

The jury was instructed in part as follows:

> * * * possession in one state of an automobile recently stolen in another state and if such possession is not satisfactorily explained is a circumstance from which the jury may reasonably draw the inference that the person in possession of the automobile knew the vehicle was stolen, and you may also reasonably draw the inference that the person in possession transported it in interstate commerce. .

Appellant objected, and now presses his objection. He asks us to hold that in permitting the inferences as thus explained the instruction destroyed the presumption of his innocence, violated his privilege against compelled self-incrimination and deprived him of due process of law. These contentions, however, are foreclosed by previous decisions of this court to which we adhere. We recently stated in Allison v. United States, 348 F.2d 152, 153 (10th Cir.), where, however, the facts did not establish possession:

> Proof that an accused is in possession of a vehicle recently stolen in another state sustains the inferences that he knew the vehicle was stolen and that he transported it in interstate commerce.[1]

[1] Fitts v. United States, 10 Cir., 284 F. 2d 108, 110–111. See also Grandsinger v. United States, 10 Cir., 332 F.2d 80, 82, and Fitts v. United States, 10 Cir., 328 F.2d 844, 846, certiorari denied 379 U.S. 851, 85 S.Ct. 96, 13 L.Ed.2d 55.

We added:

> The basis of the inferences is the possession of the vehicle. Absent possession no inference may be drawn. As used in this context the term pos-

* Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation.

session means actual control, dominion or authority.[2]

2. See Pearson v. United States, 6 Cir., 192 F.2d 681, 692–693, and authorities assembled in concurring opinion in Barfield v. United States, 5 Cir., 229 F.2d 936, 942–943.

■ To the extent that there inheres in appellant's contentions the position that his right to remain silent has been infringed, particularly by the language in the instruction which authorizes the adverse inferences only "if such possession is not satisfactorily explained," our prior decisions are also dispositive. See Fitts v. United States, *supra*, 284 F.2d at 110–111; and Fitts v. United States, *supra*, 328 F.2d at 846. A similar problem was involved in United States v. Gainey, 380 U.S. 63, 85 S.Ct. 754, 13 L.Ed.2d 658. In aid of establishing the violation of 26 U.S.C. § 5601(a) (4)—carrying on the business of a distiller or rectifier without having given bond as required by law— the statute provided as follows in Section 5601(b) (2):

Whenever on trial for violation of subsection [5601] (a) (4) the defendant is shown to have been at the site or place where, and at the time when, the business of a distiller or rectifier was so engaged in or carried on, such presence of the defendant shall be deemed sufficient evidence to authorize conviction, unless the defendant explains such presence to the satisfaction of the jury (or of the court when tried without jury).

After holding valid the language regarding the weight which might be given to the presence of the accused, the Court separately considered the language "unless the defendant explains such presence to the satisfaction of the jury (or of the court when tried without jury)." Pointing out that the trial court had instructed the jury on the necessity of proof of guilt beyond a reasonable doubt, the Court held:

* * * in the context of the instructions as a whole, we do not consider that the single phrase "unless the defendant by the evidence in the case

and by proven facts and circumstances explains such presence to the satisfaction of the jury" can be fairly understood as a comment on the petitioner's failure to testify.[7] Cf. Bruno v. United States, 308 U.S. 287, [60 S.Ct. 198, 84 L.Ed. 257]. The judge's overall reference was carefully directed to the evidence as a whole, with neither allusion nor innuendo based on the defendant's decision not to take the stand.

In McNamara v. Henkel, 226 U.S. 520, 525, [33 S.Ct. 146, 57 L.Ed. 330] the Court approved a proceeding which did no more than "accord to the evidence, if unexplained, its natural probative force." . That is all that Congress has done here. We cannot find that the law it enacted violates the Constitution.

7. Indeed the better practice would be to instruct the jurors that they may draw the inference unless the evidence in the case provides a satisfactory explanation for the defendant's presence at the still, omitting any explicit reference to the statute itself in the charge.

380 U.S. at 70–71, 85 S.Ct., at 759. And *see* Yee Hem v. United States, 268 U.S. 178, 45 S.Ct. 470, 69 L.Ed. 904. No less here than in *Gainey* the court's instructions clearly required proof beyond a reasonable doubt to support a verdict of guilt.

We come now to the instruction by which the court guided the jury in its consideration of the issue whether appellant was in possession of the car. As pointed out in *Allison*, *supra*, the basis for the adverse inferences is "the possession of the vehicle." As to this the court in the present case instructed as follows:

A person who knowingly has direct physical control of a thing is in possession of it. Therefore, the driver of a motor vehicle is in possession of the vehicle in the absence of evidence that the vehicle was actually under the control and dominion of another.

The court continued:

Therefore, in this case, if you find from the evidence beyond a reasonable

doubt that the automobile here in question was stolen in the state of Oklahoma, and it was shortly thereafter found in the State of Colorado and that the defendant was driving the vehicle at that time, and you find in the evidence no satisfactory explanation of the defendant's possession of the automobile, the jury may properly find that the defendant knew the automobile in question was stolen and that he transported it in interstate commerce.

This instruction was objected to.[1]

 The court concludes that the instructions, as a whole, cannot be construed as taking the issue of possession from the jury by requiring possession to be inferred from driving the vehicle. With the qualifying clause, the instruction told the jury that if the evidence showed that defendant was driving the car this was sufficient to support a finding of possession unless the driving was otherwise explained. While this court believes that the instructions should have been more carefully worded in order to avoid the possible interpretation of them objected to by the appellant, the court nevertheless concludes that the trial court did no more than describe the proof required to find possession, of which an important element or indicia was the driving. The court accordingly holds that the jury in determining the issue of possession was free to evaluate the evidence relating to the driving as well as the evidence, if any, pertaining to an explanation of apparent possession.[2]

Affirmed.

1. The objection appears in the transcript as follows:

 "I have an objection to the Court's instructions on the definition of 'possession' referring specifically to the fact of driving alone can be sufficient of possession. I do not believe this is correct according to the Tenth Circuit law. I also don't believe it is a correct definition of 'possession.'"

2. Judge Fahy considers that the instruction on possession, objected to, required rather than permitted the jury to find possession from driving, notwithstanding the qualifying clause. In his view this clause did not relieve the jury of the obligation to find defendant the possessor of the vehicle if he were found to be its driver. Viewing the instruction as taking from the jury an important factual issue essential to conviction he would reverse and remand.