**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Bobby Gene CASEY, Defendant-Appellant.**

**No. 27575.**

United States Court of Appeals, Fifth Circuit.

April 20, 1970.

Certiorari Denied Oct. 12, 1970.

See 91 S.Ct. 78.

J. Clinton Sumner, Jr., Rome, Ga. (Court-appointed), for defendant-appellant.

Charles L. Goodson, U. S. Atty., Charles B. Lewis, Jr., J. Owen Forrester, Asst. U. S. Attys., Atlanta, Ga., for plaintiff-appellee.

Before BELL, AINSWORTH and CARSWELL, Circuit Judges.

PER CURIAM:

Appellant Bobby Gene Casey was found guilty by a jury and convicted on two counts of violating the Dyer Act, one under 18 U.S.C. § 2312 for interstate transportation of a stolen motor vehicle and the other under 18 U.S.C. § 2313 for unlawful receipt and concealment of a stolen vehicle while it was moving in interstate commerce. He was sentenced to four years on each count to be served concurrently.

It is urged by appellant that the evidence was insufficient to support the verdict as to both counts. We agree with appellant that the evidence presented by the government was insufficient to support the verdict as to the first count, transporting a stolen vehicle in interstate commerce and, accordingly, we reverse. As to the second count, concealment, we affirm.

We now turn to a consideration of the evidence in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L. Ed. 680 (1942). Sometime between the hours of 12:30 and 3:30 P.M. on January 18, 1967, a two-tone 1963 Chevrolet owned by Betty Nell Burk was taken from the Centre Manufacturing Company parking lot located in Centre, Alabama, about fifteen miles from the Georgia state line.

Billy George, a resident of Cave Springs, Georgia, located about 1.3 miles from the Alabama state line, testified that he saw two fast moving cars go past his house about 3:45 P.M. on January 18, 1967. The first car was a two-tone 1963 Chevrolet with two passengers and the second was a 1958 Chevrolet with three passengers. Mr. George immediately called Chief Earl Russell of the County Police Department. A few minutes later, George saw the 1958 Chevrolet come back toward his house, stop, turn around and go back again. Later, the 1958 Chevrolet came back by his house, this time carrying five passengers. George then called the police department again.

Chief Russell testified that in response to the call from Billy George he drove toward the George home and met a 1958 Chevrolet traveling at a normal rate of speed. As the Chief turned around the 1958 Chevrolet began to speed up. After a ninety-mile-per-hour chase, the patrol car overtook the Chevrolet. Appellant was one of the five passengers in the car, sitting in the right rear. On the front floorboard, Chief Russell found a Delco battery. On the back seat, there were four hubcaps,

a wheel and a tire. Chief Russell then proceeded down the road from whence the 1958 Chevrolet had come and, off into the woods and marsh near Billy George's home, a 1963 two-tone Chevrolet was found. The car was jacked up, the hood and trunk were up and the battery and all the wheels and tires were missing.

Later, pursuant to a search warrant, four wheels and tires were found in the trunk of the 1958 Chevrolet. A service station attendant positively identified one of the tires found in the 1958 Chevrolet as the same tire which he had repaired for Betty Nell Burk a day or so before her car was removed from the parking lot. The defense presented no evidence. Upon these facts, appellant was convicted of both transporting and concealing the 1963 Chevrolet.

■ A review of the entire record in this case convinces us that there is simply not enough evidence to support the transportation count. Under such a charge, the government must prove (1) that the vehicle was stolen, (2) that defendant transported it in interstate commerce, and (3) that defendant had the requisite guilty knowledge concerning the theft of the car. Moody v. United States, 377 F.2d 175 (5th Cir., 1967). Upon each of these elements, the government must present substantial evidence from which a jury might find the defendant guilty beyond a reasonable doubt.

■ In order to prove transportation, the government relies upon the fact that parts of the stolen vehicle were in the car in which appellant was riding, hence in the possession of appellant. From there the government applies the proposition that unexplained possession of a stolen vehicle in another state may give rise to an inference that the party in possession transported the vehicle and knew that it was stolen.

In order to use this rationale to support a conviction on the transportation count, one must first infer possession of the entire vehicle from the fact that appellant was a passenger in another car carrying parts of the stolen vehicle. From that inference, one must then infer that appellant was actively involved in transporting the vehicle across the state line with knowledge that it was stolen. In a circumstantial evidence case, that much of an inference should not and cannot be allowed.

■ As stated in Fitzpatrick v. United States, 410 F.2d 513, 515 (5th Cir., 1969),

"Because unexplained possession of a recently stolen vehicle permits substantial inferences which may help prove two essential elements of the government's case, the evidence relied on as proof of possession must be scrutinized with great care to prevent injustice. * * * A mere suspicion of possession will not support the inferences of transportation and guilty knowledge. * * *"

If evidence that a defendant was a passenger in a stolen vehicle does not alone prove the possession necessary to give rise to the inferences of transportation and guilty knowledge, Wheeler v. United States, 382 F.2d 998 (10th Cir., 1967), Lawrence v. United States, 400 F.2d 624 (9th Cir., 1968), and if fingerprints on the interior of the stolen automobile, standing alone, are not sufficient to show possession, Allison v. United States, 348 F.2d 152 (10th Cir., 1965), can it be said that the mere riding in a car in which parts of the stolen vehicle are found is enough to sustain an inference of possession? We think not.

■ As this Court has said "* * * in circumstantial evidence cases the inferences to be drawn from the evidence must not only be consistent with guilt but inconsistent with every reasonable hypothesis of innocence." Montoya v. United States, 402 F.2d 847 (5th Cir., 1968); Hale v. United States, 410 F.2d 147 (5th Cir. 1969).

It is just as likely in the present case that appellant did not become involved until after the car crossed the state line.

Judgment of acquittal should have been granted as to the first count.

■■ As to the second count, concealment, there was substantial evidence, both direct and circumstantial, to support the jury's verdict of guilty. The test is whether a reasonable minded jury could accept the evidence as adequate and sufficient to support the conclusion of defendant's guilt beyond a reasonable doubt. United States v. Robertson, 417 F.2d 873 (5th Cir., 1969); Weaver v. United States, 374 F.2d 878 (5th Cir., 1967); Curtis v. United States, 297 F. 2d 639 (5th Cir., 1961). Applying this standard to the evidence presented in this case, we conclude that the trial court correctly denied appellant's motion for judgment of acquittal on this ground. As stated above, Mr. George testified that there was a total of five persons in the two cars passing his house and that five later came back in one car. Shortly thereafter, Chief Russell apprehended five persons in one car and in that car were parts of another vehicle. The stolen vehicle was subsequently found with those same parts missing. There was testimony that at least one of the tires found belonged on the stolen vehicle. These circumstances and facts are sufficient to support the jury's conclusion of appellant's guilt in the concealment of the stolen vehicle.

■ The government relies upon the concurrent sentence doctrine in support of its contention that the entire judgment should be affirmed. Thus, the government states in its brief

"* * * It is well established that when concurrent sentences are imposed upon a conviction of several counts and the punishment given is less than the maximum authorized by the statute for the conviction under any one count, then such judgment must be upheld if the conviction upon any of the counts is sustainable. * * * Furthermore, if the reviewing court finds that either one of the two counts is sustainable it need not consider that the evidence was insuffi-

cient to support the conviction under the second count." Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958).

It is clear that this is no longer the law. Under Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), the concurrent sentence doctrine is not a jurisdictional bar to a consideration of challenges to multiple convictions, but is merely a rule of judicial convenience where its use is appropriate. See United States v. Laite, 418 F.2d 576 (5th Cir., 1969).

The judgment of the District Court is reversed as to the conviction under the first count, and the conviction under the second count is affirmed.

Affirmed in part and reversed in part.