**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jobie BISHOP, Defendant-Appellant.**

**No. 20220.**

United States Court of Appeals,
Sixth Circuit.

Dec. 8, 1970.

Pleaz Wm. Mobley, Manchester, Ky., for defendant-appellant; Ray C. Lewis, London, Ky., on brief.

William D. Kirkland, Asst. U. S. Atty., Lexington, Ky., for plaintiff-appellee; Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., on brief.

Before WEICK, CELEBREZZE and MILLER, Circuit Judges.

CELEBREZZE, Circuit Judge.

This is an appeal from the United States District Court for the Eastern District of Kentucky of a conviction by a jury verdict of a violation of the Dyer Act, 18 U.S.C. § 2312 (1964).

Section 2312 makes unlawful the "transport[ation] in interstate or foreign commerce [of] a motor vehicle or aircraft, knowing the same to have been stolen." 18 U.S.C. § 2312 (1964). And the indictment of the Appellant for violation of that Section reads as follows:

> "That on or about the 2nd day of March, 1969, Jobie Bishop transported a stolen motor vehicle, to-wit: a 1968 Corvette from Lebanon, in the State of Ohio to Clay County in the Eastern District of Kentucky, knowing same to have been stolen."

The sole basis of this appeal concerns the question of whether the jury could reasonably have found upon the evidence that the Appellant was guilty of transporting a motor vehicle in interstate commerce, knowing it to have been stolen.

At trial, the Government introduced substantially unrebutted evidence that a 1968 Chevrolet Corvette was taken from the driveway of its owner in Lebanon, Ohio, late in the evening of March 2, 1969 or early in the morning of March 3, 1969. And further, the Government introduced evidence from federal and state agents and a manager of a body shop wrecker service that the 1968 Chevrolet Corvette taken in early March, 1969, from Lebanon, Ohio was found on March 21, 1969, in Clay County, Kentucky in two parts: the engine block and the chassis. The engine block in the possession of Johnny and Leon Bishop, the Appellant's twin brother and father, at a farm owned by the Appellant's father. The burned chassis of the Corvette was found 3.1 miles from the Bishop farmhouse just off a Kentucky highway.

The defense relied on the testimony of the Appellant and a distant relative of

the Appellant. The Appellant testified that he did general mechanical work in a garage in South Lebanon, Ohio but that he took engine installation work, if any, to his brother who lives with their parents in Clay County, Kentucky. The Appellant freely acknowledged in open court that he personally transported in the trunk of his car an engine block from Ohio to his parents' farmhouse in Kentucky. He asserted that he had purchased that particular engine block from White Allen Chevrolet in the first week of March, 1969, and received a receipt which was dated September 26, 1968. He did not offer any explanation as to why the receipt he received for the transaction was not made out to him, but rather to Jasper's Speed Shop; or why it was dated as of September, 1968, if the transaction took place in March, 1969; or how the engine block he testified that he transported to Kentucky could possibly have had the motor vehicle identification number of the stolen car on it, rather than the motor vehicle part number of an engine block on it, as the manager of White Allen Chevrolet testified. Further, he positively insisted that the engine block that his brother and father were arrested for possessing was the same engine block which he purchased at White Allen Chevrolet and transported to his parents' farmhouse. Also, he and his distant relative testified to another transaction concerning the transportation of a 1968 Chevrolet engine block as evidence that in the past he had engaged in the lawful transportation and sale of engine blocks and other automobile parts in his daily business activities.

There was no direct proof that anyone had seen the Appellant either transporting or possessing either the allegedly stolen 1968 Chevrolet Corvette or its engine block. The Appellant's only connection with the allegedly stolen vehicle or its parts was established by the Appellant's admissions with regard to transporting the allegedly stolen engine block and his contradicted explanation of how he came into possession of it. Based upon the aforestated evidence, the jury found the Appellant guilty of transporting a motor vehicle in interstate commerce, knowing it to have been stolen. The sole issue raised on appeal is the sufficiency of the evidence to sustain the jury verdict of guilty.

The Dyer Act was originally enacted to curb interstate trafficking in unlawfully obtained motor vehicles. By 1919, the "number," distribution and speed of the motor vehicles" made the enactment of such federal regulation a "necessity." United States v. Turley, 352 U.S. 407, 414, 77 S.Ct. 397, 400, 1 L.Ed.2d 430 (1957). The automobile was an easily marketable commodity which could be moved facilely in and out of different state jurisdictions. Because the congressional purpose of the Act was evident, the United States Supreme Court held that it was "appropriate to consider th[at] purpose" in construing the scope of the Act and that the word "stolen" as used in 18 U.S.C. § 2313 (1964) should be construed broadly to "includ[e] all felonious takings of motor vehicles with intent to deprive the owner of the rights and benefits of ownership, regardless of whether or not the theft constitutes common-law larceny." United States v. Turley, 352 U.S. at 413 and 417, 77 S.Ct. at 402.

Courts of Appeals, also seeking to effectuate the clear congressional purpose of the Dyer Act, have held that proof of unexplained possession of recently stolen goods raises an inference for the jury to consider that the possessor of the goods knew the goods to have been stolen. Prince v. United States, 217 F.2d 838 (6th Cir. 1954), United States v. Reed, 414 F.2d 435 (5th Cir. 1969), Rogers v. United States, 416 F.2d 926 (10th Cir. 1969). Similarly, the unexplained possession of a stolen vehicle in a state to which it has been recently transported is sufficient evidence upon which a jury may infer that the possessor participated in the interstate transportation of the vehicle. Rogers v.

United States, supra; Prince v. United States, supra. And finally, the false explanation of possession of stolen property gives rise to similar inferences. Indeed, it has been held that "fabrication of evidence of innocence is cogent evidence of guilt," Harvey v. United States, 94 U.S.App.D.C. 303, 215 F.2d 330, 332 (1954); United States v. Reed, 414 F.2d 435, 438 (5th Cir. 1969); McIntosh v. United States, 341 F.2d 448, 457 (8th Cir. 1965); Koury v. United States, 217 F.2d 387, 388 (6th Cir. 1954).

■ However, the admission into jury consideration of the aforementioned inferences does not abrogate the Government's obligation to prove the requisite elements of the Dyer Act nor do they shift the initial burden of going forward as to each element of proof. In an indictment under Title 18, Section 2312, the Government has the burden of going forward and proving (1) that a motor vehicle was stolen, (2) that the defendant transported the motor vehicle in interstate commerce, and (3) that the defendant had the requisite guilty knowledge concerning the theft of the car. Fitzpatrick v. United States, 410 F.2d 513 (5th Cir. 1969), United States v. Martin, 375 F.2d 956 (6th Cir. 1967).

■ In determining whether the Government has brought forth evidence as to each of these elements, the unequivocal language of the indictment under which the Appellant was charged requires that there be sufficient evidence upon which a jury could reasonably find as a fact that the Appellant transported a "motor vehicle," as defined by 18 U.S. C. § 2311 (1964),[1] rather than only a single part of a stolen motor vehicle, to-wit, an engine block. The statutory section upon which the indictment was based, 18 U.S.C. § 2312 (1964) makes unlawful the transportation of a "motor vehicle." It does not separately make unlawful the transportation of one of the parts of such a vehicle, knowing it to have been stolen. Similarly, the definition section of the Dyer Act does not independently define the major parts of an automobile, but rather defines a motor vehicle as "an automobile, automobile truck, automobile wagon, motorcycle, or any other self-propelled vehicle designed for running on land but not on rails," 18 U.S.C. § 2311 (1964). Even considering the broad congressional purposes of the Dyer Act, United States v. Turley, supra, it cannot be said that an engine block, taken by itself may be fairly encompassed within the wording of 18 U.S.C. §§ 2311, 2312 (1964).

Moreover, applying the standard authored by Mr. Justice Holmes and used by the United States Supreme Court in determining whether an "aircraft" was within the scope of the predecessor to the present Dyer Act, the language of the statute does not give a fair warning to the world, in terms it will understand, that the transporting of a single part of an automobile is the equivalent of transporting an entire motor vehicle. McBoyle v. United States, 283 U.S. 25, 27, 51 S.Ct. 340, 75 L.Ed. 816 (1931); United States v. Wooten, 239 F.Supp. 123 (E.D.Tenn. 1965).

But our interpretation of the word "motor vehicle" does not necessarily require us to reverse the conviction of the Appellant. The Government contends that the admissions of the Appellant, his contradicted explanation of possession of the stolen engine block and the presence of the entire car, albeit in two parts, at or near the Bishop family farm raises an inference that the Appellant transported the stolen motor vehicle which was in one piece on the night of March 2, 1969, from Ohio to Kentucky and that it was thereafter split into two pieces: an engine block and a frame.

This Court has previously held that the Government may meet its burden of

---

1. "Motor vehicle" includes an automobile, automobile truck, automobile wagon, motorcycle, or any other self-propelled vehicle designed for running on land but not rails.

proving that a "motor vehicle" was transported by an accused by circumstantial evidence relating to the unexplained possession by the accused of the major parts of a recently stolen automobile. We affirmed by order that where a jury was specifically charged that a "motor vehicle [must have] an engine, frame and wheels capable of traveling on land" and "that the body does not constitute a motor vehicle within that definition," a jury conviction for the theft of an automobile whose major parts were stolen and which was moved in interstate commerce as a reconstituted automobile is within the intendment of the Dyer Act. United States v. Wallace, 254 F.Supp. 653 (E.D.Tenn. 1965) aff'd 361 F.2d 494 (6th Cir. 1966). *See* Earnhart v. United States, 135 U.S.App.D.C. 130, 417 F.2d 547 (1969) (the possession of a reconstituted car containing the major parts of a stolen car is evidence that the possessor of the reconstituted car was the thief of the stolen car).

A review of the full record reveals (1) admissions by the Appellant both in court and to federal agents relating to the possession, interstate transportation, and delivery of an allegedly stolen engine block; (2) a contradicted explanation of how the Appellant came to be in possession of the allegedly stolen engine block; (3) an ongoing relationship between the Appellant in Lebanon, Ohio and his father and twin brother in Clay County, Kentucky; and (4) that the allegedly stolen automobile was in working order in Lebanon, Ohio, before it was stolen and all of its major parts—not just its engine block—were found at or near the Appellant's family home in Clay County, Kentucky. We find that a jury may draw an inference that the Appellant was a party to the interstate transportation of a stolen vehicle from

the admitted possession of a major part of that vehicle where such possession is accompanied by factual circumstances such as those present in the case.

*Affirmed.*