**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Edward Phillip MAFFEI, Defendant-Appellant.**

**No. 71-1343.**

United States Court of Appeals, Sixth Circuit.

Nov. 2, 1971.

Joe C. Savage, Lexington, Ky., for appellant.

James E. Arehart, Asst. U. S. Atty., Lexington, Ky., Eugene E. Siler, Jr., U. S. Atty., Lexington, Ky., on brief, for appellee.

Before WEICK, McCREE, and KENT, Circuit Judges.

PER CURIAM.

This appeal presents the sole question whether the Government presented sufficient evidence to warrant submission of the case to the jury. The District Court denied appellant's motions for a directed verdict of acquittal at the close of the Government's proofs and at the close of all proofs, and it is from the latter ruling that this appeal has been prosecuted. We affirm.

Appellant was indicted on June 17, 1970, for violation of the Dyer Act, 18 U.S.C. § 2312, which proscribes the interstate transportation of a motor vehicle with knowledge that the vehicle is stolen.

At trial, the Government presented four witnesses. Mr. Richard Trimble was the first to testify. He stated that he was employed on March 15, 1970, as rental agent for Brooks Rent-A-Car Company in Phoenix, Arizona, and on that date he rented a 1969 Chevrolet, Nevada License No. 324–247, to a Robert Franzman. Under the terms of the rental agreement, the car was to be returned on March 18. Mr. Trimble testified that he did not have authority to allow a rented car to be taken into any state other than Nevada, and that he did not give Franzman permission to take the vehicle to Kentucky. He stated that Franzman paid for the vehicle with a Diner's Club credit card, subsequently honored by Diner's Club, and that the vehicle was never returned to him.

The Government then called Henry Hess, who was at that time serving a federal sentence for an unrelated violation of the Dyer Act. Mr. Hess announced before taking the stand that he had been advised by counsel not to testify. Nevertheless, he was told to take the stand and was questioned by the Government attorney about his activities in March 1970 and his associations with appellant. Hess declined to answer any of these questions on the ground that the answers might tend to incriminate him. Defense counsel objected to the propounding of several questions to this witness and moved for a mistrial on the ground that this procedure had a tendency to inflame the jury and prejudice appellant. His objections and motion were overruled by the trial judge, and the issue whether those rulings were erroneous has not been raised on appeal. We observe, however, that, although the tactic employed by the Government in calling this witness has been approved in this circuit, United States v. Compton, 365 F. 2d 1 (6th Cir.), cert. denied, 385 U.S. 956, 87 S.Ct. 391, 17 L.Ed.2d 303 (1966), the trial judge should closely scrutinize the practice because of its potential for unfair prejudice.

The third witness called by the Government was Frank Triplett, a Fayette County, Kentucky police officer. He testified that on April 5, 1970, he stopped a 1969 Chevrolet that was being driven in a reckless manner by one William Koonce. Appellant was a passenger in the right front seat of the car. The vehicle bore Illinois license plates. When Officer Triplett asked the occupants for proof of ownership of the vehicle, appellant responded that the car belonged to his wife or his girlfriend (the officer was not certain of his answer) and that the registration certificate was in a nearby motel room. Officer Triplett then arrested the pair.

The final witness for the Government was Sergeant Richard Arnette of the Fayette County Police Department. He testified that at some later time he searched the car and discovered the Nevada license plates under the right front floor mat. At the conclusion of this testimony, the Government rested.

Appellant then moved for a judgment of acquittal pursuant to Fed.R.Crim.P. 29 on the ground that the evidence presented was insufficient to sustain a conviction. Appellant argued that there was no proof that the vehicle had been stolen, that he had transported the car in interstate commerce, or that, if he transported it, he intended to convert it to his own use before doing so. The court denied the motion.

 Appellant contends that the court erred in this ruling that the Government had presented sufficient evidence to warrant submitting the case to the jury. However, because he did not rest after Judge Swinford's ruling, but proceeded to present evidence, appellant waived his objection to the denial of this motion for judgment of acquittal. United States v. Gosser, 339 F.2d 102, 110 (6th Cir. 1964), cert. denied, 382 U.S. 819, 86 S.Ct. 44, 15 L.Ed.2d 66 (1965). Nevertheless, he renewed his motion for acquittal at the close of all the evidence, and we consider at this time the sufficiency of the proofs on the record taken as a whole. Cline v. United States, 395 F.2d 138, 144 (8th Cir. 1968).

The substance of appellant's testimony was that he and a group of friends drove from Chicago, Illinois to California in March 1970; that along the way they met one "Buddy," who rented the car in Phoenix; that Buddy left the group outside Phoenix; and that appellant drove the vehicle through California and then to Kentucky. He admitted changing the license plates enroute to Kentucky. Appellant denied he intended to steal the car.

In order to establish a violation of the Dyer Act, the Government must prove (1) that a motor vehicle was stolen, (2) that the defendant transported that vehicle in interstate commerce, and (3) that the defendant knew the vehicle was stolen at the time of its interstate transport. United States v. Bishop, 434 F.2d 1284, 1287 (6th Cir. 1970). In this case, it was for the jury to decide whether appellant formed an intent to convert the car to his own use prior to transporting it in interstate commerce. Upon this record, we are satisfied that there was sufficient evidence presented upon which the jury could reasonably make this finding. United States v. Bishop, *supra*, 434 F. 2d at 1287.

The judgment of the District Court is affirmed.