968 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terry Lamar JOHNSON, Defendant-Appellant.
 No. 91-4027.
 United States Court of Appeals, Sixth Circuit.
 July 14, 1992.
 
 Before KEITH and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant, Terry Lamar Johnson, appeals the district court's judgment of conviction for possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and for carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c).
 
 I.
 
 2
 On the evening of March 5, 1991, Columbus police officers Whitney Lancaster and Timothy Haley encountered defendant Terry Johnson and others standing in an alley just west of Fifth Street. The officers were acting under cover, and Johnson approached their car and asked them what they needed. Officer Lancaster stated that he needed a twenty dollar rock of crack cocaine, and gave Johnson twenty dollars of prerecorded city funds to purchase the rock of cocaine base.
 
 
 3
 Johnson also attempted to make a sale to Officer Haley. While negotiating the sale, Haley saw Johnson put his left hand in his coat pocket as if carrying a gun. When Johnson leaned against their car, Haley could feel that Johnson was grasping something in his hand. Officer Haley stated that it felt as though Johnson was holding a weapon.
 
 
 4
 After the officers left the scene, a van with police officers from the Street Crime Elimination Team (S.C.A.T.) moved in to make the arrest. Officers Benson, Householder, and Coehlo began chasing Johnson, who had been described as a black male wearing a white hat. Apparently, there were several other individuals who were fleeing the police along with Johnson. As he was giving chase, Officer Coehlo saw the defendant throw down a gun with his left hand, and stopped to pick it up. Officer Householder saw Johnson make a sudden movement with the left side of his body, but did not see him discard a gun. Officer Benson, while continuing to pursue Johnson, saw him throw down a small plastic bag, which contained cocaine. Officer Householder continued the chase and eventually apprehended Johnson. A search of defendant's person revealed $160.00 in cash, $20.00 of which was prerecorded city funds. He was placed under arrest.
 
 
 5
 Johnson was indicted on April 11, 1991 for one count of distribution of cocaine base and one count of possession of a firearm during a drug trafficking crime. During the course of trial, the defense made a motion for judgment of acquittal at the close of the government's case-in-chief. The court overruled defendant's motion. Defendant then proceeded to present his own evidence, which included two witnesses. One witness, Stacy Peck, testified that on the day of the arrest he saw the firearm, which was introduced as evidence against Johnson, in the possession of an individual named "War." Peck stated that he never saw defendant with a gun. Johnson also testified on his own behalf, denying that he ever had possession of a firearm. At the close of all the evidence, however, counsel for the defendant failed to renew the motion for acquittal.
 
 
 6
 On July 16, 1991, the jury returned a verdict of guilty as to both counts in the indictment. The defendant was sentenced to eighteen months on count one and sixty months on count two, to be served consecutively. The court entered its Judgment and Commitment Order on October 21, 1991. The defendant filed a timely notice of appeal.
 
 III.
 
 7
 Defendant argues that the district court erred in not granting its motion for judgment of acquittal after the government's case-in-chief because the evidence was insufficient to convince a jury that he was guilty of possession of a firearm during a drug trafficking offense in violation of 18 U.S.C. § 924(c). However, this issue is not properly before this court on appeal.
 
 
 8
 Although defense counsel made a Fed.R.Crim.P., Rule 29 motion at the close of the government's case, counsel failed to renew that motion at the close of all the evidence. Therefore, defendant "waived his objection to the denial of [his] motion for judgment of acquittal." United States v. Maffei, 450 F.2d 928, 930 (6th Cir.1971), cert. denied, 406 U.S. 938 (1972). Furthermore, any such failure to renew the motion for an acquittal at the close of all the evidence precludes a defendant from appealing the sufficiency of the evidence. Id.
 
 
 9
 Absent a proper objection at the close of all the evidence, "the issue of sufficiency of the evidence can only be relied upon here under the 'plain error' provision of Rule 52(b), Fed.R.Crim.P." United States v. Denton, 556 F.2d 811, 817 (6th Cir.), cert. denied, 434 U.S. 892 (1977); see also United States v. Pennyman, 889 F.2d 104, 105 n. 1 (6th Cir.1989). Our review, therefore, is limited to a determination of "whether a manifest miscarriage of justice has occurred." United States v. Rigsby, 943 F.2d 631, 644 (6th Cir.1991), cert. denied, 112 St.Ct. 1269 (1992).
 
 
 10
 Based on a review of the evidence presented to the jury, we are unable to conclude that the jury's verdict results in a manifest miscarriage of justice. Officer Coehlo testified that he saw Johnson discard a gun. The testimony of Officers Haley and Householder were not inconsistent with Coehlo's testimony, as each officer testified that Johnson's actions were consistent with the actions of an individual who actually possessed a gun. Even though defense witness Peck testified that he saw an individual named "War" in possession of the same firearm earlier in the day, this does not foreclose the possibility that Johnson took possession of the same firearm later in the day before his arrest. Given the limited scope of our review of this question, we find that the district court did not commit plain error.
 
 IV.
 
 11
 For the foregoing reasons, the decision of the district court is hereby AFFIRMED.