### LUCAS v. UNITED STATES.

No. 10791.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 15, 1951.

Decided Jan. 25, 1951.

---

Mr. James B. Cobb, Washington, D. C., for appellant.

Mr. Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., with whom Messrs. George Morris Fay, U. S. Atty., and Robert M. Scott and Emory W. Reisinger, II, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before EDGERTON, PROCTOR, and FAHY, Circuit Judges.

PER CURIAM.

An indictment was filed in the District Court June 5, 1950, charging that appellant had stolen property of one Butler on or about August 17, 1950. The case came on for trial June 22, 1950. The testimony on behalf of the Government related to an alleged theft by the accused from Butler on August 17, 1949. During the trial the court noticed the error of the indictment in stating the date of the alleged crime and at a bench conference called it to the attention of counsel for the Government and for the defendant. Government counsel stated that it was a manifest clerical error which was not prejudicial since defendant was given ample notice of the particular charge. Counsel for the defendant said he did not raise the question although he had noticed the date, saying, "I do not think it is prejudicial." The court said he felt the error to be immaterial and would proceed. Counsel for the accused added, "We do not contend for that reason," obviously meaning he did not contend because he also considered the error immaterial. No objection was made to proceeding with the trial. Appellant was convicted. He moved in arrest of judgment. This motion was denied and judgment entered.

Appellant now urges that it was error for the court to proceed on what he terms an incurably defective indictment, and in charging the jury that the erroneous date in the indictment was a clerical error which they should disregard. In substance appellant says the defect deprived the trial court of jurisdiction. He relies upon the provisions of the Fifth Amendment that no person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury.

We think the case comes within Rule 52(a), Federal Rules of Criminal Procedure, 18 U.S.C.A., to the effect that "Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded." This Rule, as here applied, does not offend the Fifth Amendment. It is apparent from what has been said that there was no prejudice to substantial rights; and since the error was clerical the indictment did not fail to meet the requirements of a statement of the essential facts constituting the offense. Rule 7(c). See Adams v. United States, 5 Cir., 1917, 246 F. 830; Goulson v. United States, 6 Cir., 1926, 16 F.2d 44; Berg v. United States, 9 Cir., 1949, 176 F.2d 122, certiorari denied, 338 U.S. 876, 70 S.Ct. 137.

Affirmed.