**Aaron Bruce GREGORY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 8643.**

United States Court of Appeals
Tenth Circuit.

July 19, 1966.

Rehearing Denied Sept. 15, 1966.

Jon D. Boltz, of Wilson & Boltz, Denver, Colo., for appellant.

Donald E. Cordova, Asst. U. S. Atty., Denver, Colo. (Lawrence M. Henry, U. S. Atty., Denver, Colo., on the brief), for appellee.

Before PICKETT, BREITENSTEIN and HICKEY, Circuit Judges.

HICKEY, Circuit Judge.

On December 6, 1965, a jury found the appellant guilty, and the United States District Court for the District of Colorado sentenced him for a violation of Title 18, U.S.C. § 2312, commonly known as the "Dyer Act."

The appellant, suspected of operating a motor vehicle bearing stolen license plates, was arrested in Pueblo, Colorado, on August 27, 1965, at about 9:00 P.M. He was then taken to the city jail in

Pueblo, Colorado, and placed in a holdover cell. While the officers were examining his personal belongings, appellant called to them from the holdover cell and spontaneously volunteered: "I can save you some trouble. I stole the car in Wichita, Kansas." On the following day, which was Saturday, in the custody of Captain Walker of the Pueblo Police Force, additional spontaneous admissions were made regarding the theft and transportation of the car. The Pueblo police called in an agent of the Federal Bureau of Investigation and at or about noon, the agent interviewed the appellant who had been advised of his rights pursuant to the common practice of the Federal Bureau of Investigation. A Sunday intervened, and on the following day, August 30, 1965, appellant was taken before the United States Commissioner in Pueblo, Colorado, whereupon he requested a preliminary hearing and the appointment of counsel. Counsel was immediately provided, and at the hearing on September 3, 1965, in Pueblo, probable cause was found. On October 20, 1965, an indictment was returned by the Grand Jury, and the trial was subsequently held on December 6, 1965.

The only evidence introduced during the course of the trial was presented by the Government. It established that the motor vehicle had been stolen in Wichita, Kansas, on August 17, 1965, and that it had been recovered in the possession of the appellant in Pueblo, Colorado, on August 27, 1965. In addition to this, the spontaneous voluntary admissions to the police officers and the substance of the interview with the F.B.I. agent were offered in evidence, and upon ob-

jection, a voir dire examination followed outside the presence of the jury. During the course of the voir dire examination, it appeared that the appellant denied ever having made a statement to anyone regarding the vehicle or his possession of it and contended that he had constantly requested a lawyer after his arrest.

The District Judge presiding at the voir dire hearing considered all the testimony and observed the witnesses, passed upon their credibility, and found the spontaneous admissions and the agent's interview to be voluntary. The Court then permitted the testimony of the officers and the F.B.I. agent to be heard by the jury. The government rested its case. The appellant moved for a Judgment of Acquittal, which was denied and thereafter rested his case without having introduced any evidence on his behalf.

The jury found appellant guilty of the offense charged, whereupon Notice of Appeal was immediately filed. The appellant raised the following objections: (1) that he had been denied assistance of counsel;[1] (2) that there had been unnecessary delay in bringing him before a Commissioner pursuant to Rule 5(a), Federal Rules of Criminal Procedure[2]; (3) that there was not sufficient evidence upon which to sustain a verdict without the voluntary admissions and agent's interview; and (4) that a fatal variance existed in the dates alleged in the complaint and the information, and that based upon these alleged defects, the trial court should have granted the motion of acquittal.

1. Rule 44(a), Federal Rules of Criminal Procedure, provides:
   "Every defendant who is unable to obtain counsel shall be entitled to have counsel assigned to represent him at every stage of the proceedings from his initial appearance before the commissioner or the court through appeal, unless he waives such appointment."

2. Rule 5(a), Federal Rules of Criminal Procedure provides:

"An officer making an arrest under a warrant issued upon a complaint or any person making an arrest without a warrant shall take the arrested person without unnecessary delay before the nearest available commissioner or before any other nearby officer empowered to commit persons charged with offenses against the laws of the United States. When a person arrested without a warrant is brought before a commissioner or other officer, a complaint shall be filed forthwith."

A unique defense theory is presented considering all the evidence given, insofar as appellant steadfastly maintains that he made no admissions or statements to the officers, at the same time insisting that the statements, if made, were obtained in violation of his rights.

■ The first objection is satisfied by a reading of Rule 44(a), Federal Rules of Criminal Procedure. There is no conflict in the evidence regarding the fact that appellant, being financially unable to obtain counsel, was assigned counsel to represent him at every stage of the proceeding from his initial appearance before the Commissioner through appeal.[3]

■ The second objection directs itself to Rule 5(a), Federal Rules of Criminal Procedure, wherein an arresting officer is directed to take the arrested person without unnecessary delay before the nearest available Commissioner. The uncontroverted facts indicate that from 9:00 P.M. Friday evening until the following Monday is not an unnecessary delay.

■ Rule 5(a) is meant to prevent unnecessary delay during which time arresting officers may seek to elicit confessions, or marshal evidence for presentation. There is no contention that the delay in the case at bar was for either purpose. Appellant claims he made no statement or confession while the government offers spontaneous voluntary admissions and the contents of an interview after proper advice had been given by the agent.

■■ The third objection questions whether the evidence was sufficient to sustain the verdict. It is uncontroverted that the vehicle was stolen in Wichita, Kansas, and recovered in the possession of appellant in Colorado. Furthermore, this court has repeatedly announced the rule, "It is well settled that from the proof of the possession of a recently stolen motor vehicle, unless such possession is satisfactorily explained, the jury may properly infer that the possessor knew the car was stolen when he transported it in interstate commerce.[4]"

The spontaneous voluntary admissions and the substance of the F.B.I. interview, having already been determined voluntary and admissible by the trial court, are thus sufficiently corroborated. The case was, therefore, properly presented to the jury for its ultimate factual determination, and from our careful examination of the record, we are satisfied that there was sufficient evidence to sustain the verdict.[5]

■ The fourth objection directs itself to whether a fatal variance exists because the complaint alleges August 17, 1965 as the date of the offense and the indictment alleges August 27, 1965 as the date. Rule 7(c), Federal Rules of Criminal Procedure, indicates that errors or omissions shall not be grounds for reversal unless the defendant has been misled to his prejudice.

Generally, a well-founded fatal variance objection is based upon a date which occurred after the indictment has been returned or so far before the date of the indictment as to clearly indicate the availability of a limitations defense in the cause. The appellant having offered no evidence in defense of the charge, it is difficult to determine how he could have been prejudiced.

Affirmed.

---

3. It must be remembered that all of the procedures herein discussed occurred prior to Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (June 13, 1966).

4. Garrison v. United States, 10 Cir., 353 F.2d 94, 95. See, also, Maguire v. United States, 10 Cir., 358 F.2d 442; Reese v. United States, 10 Cir., 341 F.2d 90; Grandsinger v. United States, 10 Cir., 332 F.2d 80.

5. Maguire v. United States, 10 Cir., 358 F.2d 442.