**Odell FISH, Appellant,**
**v.**
**UNITED STATES of America,**
**Appellee.**

**No. 8852.**

United States Court of Appeals
Tenth Circuit.

Jan. 3, 1967.

Thomas Wilson, Oklahoma City, Okl. (B. J. Brockett, Oklahoma City, Okl., on the brief), for appellant.

James R. Ward, Asst. U. S. Atty., Topeka, Kan. (Newell A. George, U. S. Atty., Topeka, Kan., with him on the brief), for appellee.

Before MURRAH, Chief Judge, ALDRICH *, and SETH, Circuit Judges.

SETH, Circuit Judge.

The appellant was convicted by a jury of violating 18 U.S.C.A. § 2312, transporting a stolen motor vehicle in interstate commerce with knowledge that the vehicle was stolen. The appellant on this appeal urges reversal of his conviction on the ground that the evidence was insufficient for submission of the case to the jury. Appellant moved for acquittal or for a directed verdict. These motions were denied by the trial court and the case was submitted to the jury. The jury found the appellant guilty as charged in the indictment.

On the issue of sufficiency of the evidence, the principal point raised by appellant is the evidence of his identity as the person in possession of the car. The record shows that the vehicle in question, a white 1964 Chevrolet Impala, was stolen from a used car lot in Abilene, Texas. Three witnesses testified generally to the following facts: They met a man known to them as "Fred" in Albuquerque, New Mexico. Fred had in his possession a 1964 Chevrolet of the same style and color as the stolen vehicle. It appears that two of these witnesses first met Fred at the Good Shepherd Refuge in Albuquerque, and that the

---

* Chief Judge of the First Circuit, sitting by designation.

third met Fred and the other two at a blood bank in Albuquerque. After the three witnesses joined Fred in Albuquerque, they all traveled to Socorro, New Mexico, in the 1964 Chevrolet, which Fred drove. Two of the witnesses were apprehended by the police in Socorro, but Fred and the witness Wieland were not. The Socorro police then impounded the 1964 Chevrolet in which the party had been traveling, and the auto was towed to a garage in Socorro.

Witness Wieland testified that he and Fred later broke into the garage and recovered the 1964 Chevrolet, and the two then drove to La Junta, Colorado, and then across Kansas to Kansas City, Missouri. Thereafter Fred and witness Wieland separated. Wieland kept the 1964 Chevrolet and drove to Emporia, Kansas, where he turned himself and the auto in to the local police.

An FBI agent testified that the vehicle identification number of the 1964 Chevrolet recovered at Emporia was the same as that of the 1964 Chevrolet stolen at Abilene, Texas. At the time of the trial two of the witnesses were serving prison sentences, but the third testified that he had never been convicted of any crime.

Although one witness would not positively identify the appellant, Odell Fish, as the man known to him as Fred, he testified that the appellant resembled Fred. Another witness testified that he was under the impression that the auto belonged to Fred, and that Fred said the auto was "taken off a used car lot." Witness Wieland testified that he was "pretty sure, but not too sure," that the appellant was Fred. Wieland testified that he and Fred both drove the auto, and that Fred had the 1964 Chevrolet with him when Wieland met him. Wieland further testified that Fred told him the auto was "hot." Wieland said that he had done considerable drinking throughout the time he accompanied Fred in the 1964 Chevrolet.

Another witness who was with the group in Albuquerque first testified that

he believed that the appellant was Fred, and upon cross-examination testified that the appellant was "the gentleman" (Fred). He also testified that Fred had shown him what may have been a bill of sale for the 1964 Chevrolet, and that Fred drove the auto.

In addition to the foregoing evidence, an expert witness testified that latent fingerprints developed from maps found in the stolen vehicle upon its recovery at Emporia, Kansas, and from its rear view mirror were identical to the fingerprints of the appellant, Odell Fish.

■ The record convinces us that there was sufficient evidence upon which the jury could find that the appellant was the man known as Fred, and that the appellant was in possession of a stolen vehicle in interstate commerce with knowledge that it was stolen. Garrison v. United States, 353 F.2d 94 (10th Cir.).

■ As to the issue of possession, there was evidence that the appellant had the auto in his possession when he met the three witnesses in Albuquerque a few days after the car was stolen in Abilene, and that he drove the auto. Possession may be by one or more persons, Garrison v. United States, supra, and proof of such possession of a recently stolen motor vehicle is sufficient to allow the jury to infer, without more, that the possessor knew the vehicle was stolen, absent a satisfactory explanation. Gregory v. United States, 364 F.2d 210 (10th Cir.); Garrison v. United States, supra; Maguire v. United States, 358 F.2d 442 (10th Cir.); Reese v. United States, 341 F.2d 90 (10th Cir.). Here there is evidence, beyond mere possession, from which the jury could find that appellant knew the vehicle was stolen.

The trial court was correct in its denial of appellant's motion for acquittal. There was sufficient evidence produced on all the elements of the crime charged for presentation to the jury and for its action.

Affirmed.