**Earl Robert HALL, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 10054.**

United States Court of Appeals
Tenth Circuit.

Jan. 8, 1969.

Howard F. Heffron, Oklahoma City, Okl., for appellant.

John E. Green, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., with him on the brief), for appellee.

Before MURRAH, Chief Judge HICKEY and HOLLOWAY, Circuit Judges.

MURRAH, Chief Judge.

Appellant Hall was found guilty by a jury of knowingly transporting a stolen automobile in interstate commerce in violation of Section 2312, Title 18, United States Code, and was sentenced to 5 years imprisonment, He appeals alleging that the trial court erred in overruling his Motion for Acquittal.

The sole ground relied upon in support of the motion was that the trial court should have excluded testimony of government witness David Ruiz.

Ruiz testified that he met Hall at Fort Hood, Texas on a Thursday and agreed to come to Chickasha, Oklahoma with him the following Saturday. Hall picked him up in a car later found to have been stolen at Fort Hood. When they met a Texas highway patrolman enroute to Oklahoma, Hall hid the car behind some construction along the highway and waited to see if the patrolman was going to turn around. When he didn't they continued. Ruiz also testified that he asked Hall why the ignition had been wired and that Hall said it was due to the fact he had lost his keys. All of this is supported only by Ruiz's testimony.

Other witnesses testified that after arriving in Chickasha, Hall drove most, if not all, of the time and said the car was his. Around midnight Sunday the Chickasha police found the car stalled with Ruiz asleep in the car. Hall was arrested several days later.

Hall attacks Ruiz's testimony on the ground Ruiz had been convicted of possession of marijuana found in the car and on cross-examination made the statement "I am not positive about anything."

In our system of jurisprudence the jury is the sole and best judge of factual contentions and whom to believe. They observed and heard the testimony and statements of Ruiz and were properly instructed in light of his prior felony conviction that the weight to be accorded his testimony was for them. In any event, his testimony can hardly be considered critical in light of the remaining evidence. Under our decisions in Garrison v. United States, 353 F.2d 94, 95 (10th Cir.1965) and Gregory v. United States, 364 F.2d 210 (10th Cir.1966) the evidence that the car was stolen Saturday morning from Fort Hood, Texas, and that Hall was seen driving it Saturday afternoon and Sunday in Chickasha, Oklahoma was sufficient, in the absence of a reasonable explanation, to permit the jury to believe that Hall transported the car in interstate commerce knowing it to be stolen.

The judgment is affirmed.