UNITED STATES of America, Appellee,

v.

Dwight David MATTHEWS, Appellant.

No. 38-70.

United States Court of Appeals, Tenth Circuit.

June 29, 1970.

John A. Babington, Asst. U. S. Atty., Albuquerque, N. M. (Victor R. Ortega, U. S. Atty., Albuquerque, N. M., on the brief), for appellee.

William W. Deaton, Jr., Albuquerque, N. M., for appellant.

Before LEWIS, Chief Judge, PICKETT, Senior Judge, and HICKEY, Circuit Judge.

PICKETT, Senior Circuit Judge.

Dwight David Matthews appeals from a conviction and sentence for violation of the National Motor Vehicle Theft Act, 18 U.S.C. § 2312. The essence of Matthews' contention here is that the evidence is insufficient to show that the automobile in question was stolen by him and transported interstate. Admittedly, the vehicle was driven from Montana and a few days later found in Matthews' possession in New Mexico.

On May 30, 1969, an Avis Rent-A-Car agent in Bozeman, Montana rented a red 1969 Ford XL to a person representing himself to be Donald Richard Cox. The rental contract required the return of the automobile on June 6, 1969. At the time of the rental, Cox and Matthews were in Bozeman, employed by a traveling carnival. The automobile was last seen in Bozeman on the day that it was rented. Following conversations with Cox during the night of May 30 and the morning of May 31, the rent-a-car agent reported to the police that the automobile had been stolen. Matthews was driving the automobile in Santa Fe, New Mexico, on June 3. While in Santa Fe, Matthews caused the hood and trunk of the car to be painted black. The interior was also sprayed with black paint. Matthews explained to a young friend whom he had met in Santa Fe that the painting was done because he was tired of looking at the same car. While in Santa Fe, Matthews represented himself to be Donald Richard Cox and purchased merchandise with Cox's credit cards.

On June 7, Matthews left Santa Fe with his young friend, headed for Cincinnati, Ohio. Before leaving, at the request of Matthews, the youth obtained some New Mexico motor vehicle license plates, and after removal of Idaho license plates, the New Mexico plates were placed upon the Ford. The police at Tucumcari, New Mexico, observed the recent painting on the red Ford and stopped Matthews for questioning. He told the police that he was Donald Richard Cox and exhibited the rent-a-car contract and Cox's driver's license. He later told an F.B.I. agent that he had been working in Bozeman, Montana for a traveling carnival under the name of Arthur Jerome Nutter and had traveled from Bozeman to Santa Fe, where he had been for approximately a week. Matthews' version of the trip was that while in Bozeman, Cox had represented to him that the management of the carnival had directed them to proceed to Santa Fe, New Mexico, but automobile for the purpose of obtaining some needed parts for various carnival rides; that Cox, with Matthews as a passenger, had driven the Ford from Bozeman to Santa Fe in approximately two days and then disappeared, apparently abandoning the automobile; that he, Matthews, finally decided the safest thing for him was to return the car to Bozeman, and that upon leaving Santa Fe his intent was to drive directly to Bozeman, even though

he was traveling in the opposite direction when he went to Tucumcari. Cox was not available as a witness at the trial. The argument here seems to be that without the testimony of Cox, who was in lawful possession of the car, to show whether or not he consented to Matthews' use of the car, an essential element of the crime is lacking and the motion for acquittal should have been granted.

 The law is well established that proof of possession of a recently stolen automobile in a state other than the one where it was stolen, unless such possession is satisfactorily explained, will sustain an inference that the one in possession transported it interstate knowing it to have been stolen. Rogers v. United States, 416 F.2d 926 (10th Cir. 1969); Wheeler v. United States, 382 F.2d 998 (10th Cir. 1967); Fish v. United States, 371 F.2d 438 (10th Cir. 1967); Williams v. United States, 371 F.2d 141 (10th Cir. 1967); Gregory v. United States, 364 F.2d 210 (10th Cir. 1966), cert. denied, 385 U.S. 962, 87 S. Ct. 405, 17 L.Ed.2d 307; Maguire v. United States, 358 F.2d 442 (10th Cir. 1966), cert. denied, Giles v. United States, 385 U.S. 870, 87 S.Ct. 138, 17 L. Ed.2d 97; Allison v. United States, 348 F.2d 152 (10th Cir. 1965). It is equally well established that the term "stolen" as used in 18 U.S.C. § 2312 includes the felonious taking of a motor vehicle by one in lawful possession thereof with intent to deprive another of his rights of ownership. United States v. Turley, 352 U.S. 407, 77 S.Ct. 397, 1 L.Ed.2d 430 (1957); McCarthy v. United States, 403 F.2d 935 (10th Cir. 1968); Stone v. United States, 385 F.2d 713 (10th Cir. 1967), cert. denied, 391 U.S. 966, 88 S. Ct. 2038, 20 L.Ed.2d 880; Lake v. United States, 338 F.2d 787 (10th Cir. 1964).

 The proof of Matthews' guilt is overwhelming. Cox's testimony could add little to the case. The record discloses that Cox was in Bozeman after the car disappeared. Two days later Matthews and the car were in Santa Fe. Matthews registered at a motel there in Cox's name. Except for Matthews' statement that Cox drove him to Santa Fe, there is no evidence of his presence there. Throughout his stay in New Mexico, Matthews represented himself to be Cox. He, alone, attempted to disguise the automobile and was in the process of leaving New Mexico for Cincinnati, Ohio, when arrested.

Affirmed.