**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Glynn Eldon FOX, Defendant-Appellant.**

**No. 370–70.**

United States Court of Appeals,
Tenth Circuit.

Dec. 28, 1970.

Floy E. Dawson, Asst. U. S. Atty., Oklahoma City, Okl. (William R. Burkett, U. S. Atty., Oklahoma City, Okl., on the brief), for plaintiff-appellee.

William P. Porter, Oklahoma City, Okl., for defendant-appellant.

Before PICKETT, BREITENSTEIN and SETH, Circuit Judges.

PER CURIAM.

Appellant Fox appeals from a conviction and sentence for the interstate transportation of a motor vehicle, knowing it to have been stolen, in violation of 18 U.S.C. § 2312. The only question raised on this appeal is that the court erred in giving an instruction to the effect that possession in one state of property recently stolen in another, if not satisfactorily explained, may or may not reasonably create an inference that the person in possession not only knew that it was stolen property, but also transported it interstate. It is argued that this instruction compelled Fox to be a witness against himself in violation of the Fifth Amendment to the United States Constitution.

This type of instruction has often been approved by this circuit in Dyer Act cases. United States v. Matthews, 427 F.2d 889 (10th Cir. 1970); United States v. Bridges, 406 F.2d 1051 (10th Cir. 1969); Hall v. United States, 404 F.2d 1367 (10th Cir. 1969). The contention that the use of the phrase, "if such pos-

session is not satisfactorily explained," infringed the defendant's constitutional right to remain silent was rejected by this court in Rogers v. United States, 416 F.2d 926 (10th Cir. 1969), cert. denied, 397 U.S. 952, 90 S.Ct. 977, 25 L.Ed.2d 134. See also Martinez v. Utah, 412 F.2d 853 (10th Cir. 1969).

Affirmed.