**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Louis Charles COLBERT, Defendant-Appellant.**

**No. 71-1165.**

United States Court of Appeals,
Tenth Circuit.

Sept. 30, 1971.

John J. Immel, Asst. U. S. Atty., Wichita, Kan. (Robert J. Roth, U. S. Atty., Wichita, Kan., with him on the brief), for plaintiff-appellee.

Walter Slatkin, Denver, Colo., for defendant-appellant.

Before LEWIS, Chief Judge, and PICKETT and BARRETT, Circuit Judges.

PER CURIAM.

Colbert appeals from a conviction for the interstate transportation of a motor vehicle knowing it to have been stolen in violation of the Dyer Act, 18 U.S.C. § 2312. The only question presented is the sufficiency of the evidence to sustain the conviction. An examination of the record discloses that the evidence of Colbert's guilt is more than ample to sustain the judgment and sentence.

On June 12, 1970 the owner of a 1963 Buick automobile reported to the Los Angeles Police Department that the vehicle had been stolen. The following day a New Mexico State Patrolman stopped the appellant while in possession of the Buick and cited him for two state traffic violations. When first questioned, Colbert identified himself as O'Brien, the person who had purchased the Buick automobile a few days before it was stolen. On June 14, 1970 Colbert was arrested in the State of Kansas and held for possession of the stolen automobile. The evidence further establishes that upon questioning by a special agent of the Federal Bureau of Investigation, Colbert admitted that he had obtained possession of the Buick automobile in Los Angeles from an unknown person who employed him to make delivery of the vehicle to an unnamed individual in Chicago, Illinois.

The essence of Colbert's contention here is that the evidence is insufficient to show that he knew the automobile was stolen. This court has often held that the proof of possession of a recently stolen automobile in a state other than the one where it was stolen is sufficient to sustain an inference that the one in possession transported the vehicle in interstate commerce knowing it to have been stolen, unless the possession is satisfactorily explained. United States v. Matthews, 427 F.2d 889 (10th Cir. 1970), and cases cited therein.

Affirmed.