**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Bennie Cal STONE, Defendant-
Appellant.**

**No. 73–1501.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 11, 1973.

Decided Nov. 20, 1973.

As Amended Jan. 15, 1974.

---

R. Martin Galvin, Toledo, Ohio, for defendant-appellant.

Patrick J. Foley, Asst. U. S. Atty., for plaintiff-appellee; Frederick M. Coleman, U. S. Atty., Toledo, Ohio, on brief.

Before WEICK, Circuit Judge, O'SULLIVAN, Senior Circuit Judge, and ALLEN, District Judge.*

PER CURIAM.

Appellant appeals from a conviction for transporting a stolen automobile in interstate commerce. Appellant urges the Court to reverse the conviction upon the grounds that the trial judge erroneously gave an instruction on aiding and abetting, although the appellant was charged only as a principal in the indictment. Appellant also contends that the evidence was insufficient to convict him.

The evidence shows that Stone was in possession of a stolen automobile in Detroit, Michigan the day after it was stolen. He attempted to sell it to a man named Gillard in Detroit, who refused to buy it. Gillard suggested that he knew a man in Toledo, Ohio who would buy the car, and thereupon the car was driven to Toledo to the lot of one Kimble for the purpose of sale. Subsequently, Kimble refused to purchase the car but did some repairs on it, and the car was then taken to Alabama by Gillard, John Malone and one Peyton.

There was testimony presented to the jury from which the jury could believe that appellant drove the car to Toledo and was instrumental in attempting to sell it there, and there was other evidence given by Kimble to the effect that Gillard was the moving figure in the attempted sale and transportation of the car, and that Stone was merely on the lot of Kimble on the occasion and did not play a part in the attempted sale. This evidence was sufficient to authorize the giving of an instruction on aiding and abetting. See United States v. Lester, 363 F.2d 68 (6th Cir. 1966), cert. denied 385 U.S. 1002, 87 S.Ct. 705, 17 L.Ed.2d 542 (1967).

The evidence presented by the government was more than sufficient to authorize the jury's finding of guilty as to the appellant. Appellant's basic contentions in this regard go only to the credibility of the witnesses, and while the testimony of the government witnesses was somewhat contradictory, the matter was solely for the determination of the jury. See Hall v. United States, 404 F.2d 1368 (10th Cir. 1969).

The judgment of conviction is affirmed.

---

* The Honorable Charles M. Allen, Judge, United States District Court for the Western District of Kentucky, sitting by designation.