Ronald D. HALL, Appellant,

v.

UNITED STATES, Appellee.

No. 95-CF-934.

District of Columbia Court of Appeals.

Submitted Jan. 7, 1997.

Decided July 24, 1997.

Neal L. Thomas, appointed by this court, Washington, DC, was on the brief for appellant.

Eric H. Holder, Jr., United States Attorney, and John R. Fisher, Thomas C. Black, Brenda Baldwin White, and James R. Costello, Jr., Assistant United States Attorneys, were on the brief for appellee.

Before TERRY and KING, Associate Judges, and PRYOR, Senior Judge.

TERRY, Associate Judge:

Ronald Hall was convicted of possession of cocaine and three related offenses involving weapons and ammunition. On appeal he contends that the trial court erred by allowing the government to amend the indictment by changing the date of the alleged offenses from October 7, 1994, to August 18, 1994, without obtaining a superseding indictment from the grand jury. We affirm.

## I

The government's evidence showed that on August 18, 1994, at approximately 10:00 p.m., several police officers executed a search warrant at a house on F Street, N.E. The officers knocked and announced their presence. A young woman named Crystal Nero opened the front door, and the police entered the three-story row house. In the middle bedroom on the second floor, a detective found a plastic bag containing twenty-one ziplock bags of white powder inside the left pocket of a blue parka which was hanging on a coat rack.[1] On top of the dresser, the same detective found five shotgun shells and several personal papers bearing appellant's name and address, including a non-driver's identification card issued by the District of Columbia government with appellant's photograph on it. Behind the radiator in the same room, another officer found a sawed-off shotgun. Appellant was not present when the warrant was executed.

Various members of appellant's family lived in the house, which was owned by his grandmother. Although his girl friend testified that he lived with her and their young son in Seat Pleasant, Maryland, several miles away, appellant's uncle testified that appellant had lived in the F Street house "all his life" and that the middle bedroom on the second floor was his. The uncle said that appellant would leave from time to time, "stay three or four days, but he will always come back." Appellant himself did not testify, but two defense witnesses stated that family members and other visitors would frequently borrow clothing from appellant, including the blue parka in the pocket of which the cocaine was found.

## II

After the prosecutor made her opening statement, defense counsel challenged the indictment as deficient because it alleged an incorrect date for the charged offenses. Counsel pointed out that the prosecutor had said in her opening statement that the offenses occurred on August 18, 1994, whereas the indictment said they occurred on October 7, 1994, which in fact was the date of appellant's arrest on a warrant. The trial court allowed the prosecutor to amend the indictment so as to allege the commission of the crimes on August 18, 1994,[2] citing two cases in support of its ruling: *Lucas v. United*

1. The white powder was later analyzed and found to be cocaine.

2. The court said:

> To my judgment, this is clearly a clerical error in the indictment that may be corrected by the court at this point, an amendment of the indictment rule. And I'm familiar with the case you're talking about, Mr. Holiday. That goes to the substance of the indictment, not to matters of form.
>
> In this situation it's clear that the October 7th case date derives from the date of the arrest and the date of the presentment. Here on the jacket the date of presentment is 10–7–

94, which is the same date as the date of the indictment, the date on which the indictment charged the offense.

And the—it's apparent that the defendant was arrested either on that date or just, just before that date, the day before that date. There is no prejudice articulated by the defense, and I wouldn't find any anyway because every other source of information about this offense available to the defense indicated that it was on August the 18th. That is what the warrant, arrest warrant, referred to, and that's what the discovery referred to.

*States,* 88 U.S.App. D.C. 160, 188 F.2d 627 (1951), and *Jervis v. Hall,* 622 F.2d 19 (1st Cir.1980). On appeal the government relies primarily on these two cases in arguing that, when an indictment contains minor errors that are a matter of form rather than substance, such errors may be corrected without going back to the grand jury for a superseding indictment.

The facts of *Jervis* are almost identical to those of this case. In *Jervis* the prosecutor moved to amend the indictment on the first day of trial by changing the date of the alleged offense from August 5, 1972 (the date of the defendant's arrest), to July 15, 1972 (the actual date of the offense). On appeal from the denial of a habeas corpus petition, the First Circuit found no prejudice to the defense resulting from the amendment and affirmed the order of the District Court. 622 F.2d at 22–23.

In *Lucas* an indictment was filed on June 5, 1950, charging that the defendant had stolen property on August 17, 1950. When the case went to trial on June 22, 1950, the testimony described a theft by the accused on August 17, 1949. The error was more obviously clerical than in the instant case because the date stated in the indictment was a date which, at the time of trial, was two months in the future. The court held, "It is apparent from what has been said that there was no prejudice to substantial rights; and since the error was clerical, the indictment did not fail to meet the requirements of a statement of the essential facts constituting the offense." 88 U.S.App. D.C. at 161, 188 F.2d at 628 (citations omitted).

Appellant relies primarily on *Gaither v. United States,* 134 U.S.App. D.C. 154, 413 F.2d 1061 (1969), and *United States v. Ford,* 872 F.2d 1231 (6th Cir.1989), *cert. denied,* 495 U.S. 918, 110 S.Ct. 1946, 109 L.Ed.2d 309 (1990), to support his quest for reversal. In *Gaither* the court reversed a conviction based upon an indictment which, while signed by the grand jury foreman, had not been submitted to the full grand jury for its approval. However, the court did not address how it

might view the amendment of an indictment such as occurred here. We conclude that *Gaither* is inapposite and has no bearing on this case.

In *Ford* the indictment alleged that the defendant had illegally possessed a firearm on or about September 28, 1987. At trial, however, the government presented evidence that he had possessed a firearm on November 2, 1986, and August 9, 1987. The trial court instructed the jury that proof of Ford's possession of a firearm on any of those three dates would be sufficient to permit the jury to find him guilty. On appeal the Sixth Circuit reversed, holding that the instruction had constructively amended the indictment, so that the defendant had been convicted of "a charge not levied through the protective device of a grand jury." 872 F.2d at 1235. We find it difficult to reconcile *Ford* with *Jervis* and *Lucas,*[3] but the Supreme Court, we think, has shown us a way out of this dilemma.

■ In *Russell v. United States,* 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962), the Supreme Court reversed the convictions of six defendants on the ground that the indictment in each of the six cases did not adequately state the offense with which the defendants were charged. In so holding, however, the Court noted "the settled rule in the federal courts that an indictment may not be amended except by resubmission to the grand jury, *unless the change is merely a matter of form.*" *Id.* at 770, 82 S.Ct. at 1050 (citations omitted; emphasis added). Thus a reviewing court, considering a challenge to an indictment, must determine whether the purported defect "amount[s] to no more than a technical deficiency of no prejudice to the defendant[.]" *Id.* at 763, 82 S.Ct. at 1046–47.

Following *Russell,* the federal courts generally have adopted a test whereby any alteration in an indictment is scrutinized to determine whether it affects a substantial or material element of the offense sufficiently to cause prejudice to the defendant. *See Unit-*

---

3. We note, however, that *Lucas* is binding on us under *M.A.P. v. Ryan,* 285 A.2d 310, 312 (D.C. 1971).

ed States v. Nicosia, 638 F.2d 970, 976 (7th Cir.1980), cert. denied, 452 U.S. 961, 101 S.Ct. 3110, 69 L.Ed.2d 972 (1981); United States v. Powell, 564 F.2d 256, 259 (8th Cir. 1977), cert. denied, 435 U.S. 904, 98 S.Ct. 1449, 55 L.Ed.2d 495 (1978); Krana v. United States, 546 F.2d 785, 786 (8th Cir.1976). Most federal courts have held that amending the date alleged in an indictment is a matter of form rather than substance and is thus permitted. Thus, for example, in United States v. Nicosia, supra, the court permitted an amendment to correct a clerical error in the indictment which had placed the offense two months earlier than it actually occurred, on the ground that "[t]he change was immaterial to the charge" and the defendant had shown "no prejudice to his defense." 638 F.2d at 976. Accord, United States v. Powell, supra, 564 F.2d at 259 (indictment was permissibly amended to extend time of conspiracy because time was not an essential element of conspiracy and because no prejudice was shown; trial court may "permit[ ] the government to amend a clerical error as to the date of the crime"); Krana v. United States, supra, 546 F.2d at 786 (change of date of alleged offense from May 1975 to May 1976 permissible where defendant failed to show that he was prejudiced or that the date was a material element of the offense); Stewart v. United States, 395 F.2d 484, 487–488 (8th Cir.1968) (amendment of date of alleged theft from July 21 to June 21 upheld because date was "not an essential element of the crime" and because defendant failed to show that he was not fully apprised of the charges against him).

Likewise, most state courts have held that when the date is not an essential element of the offense charged, an erroneous allegation as to the date is a matter of form which may be corrected, under various types of statutes authorizing the amendment of indictments. Annotation, Power of Court to Make or Permit Amendment of Indictment with Respect to Allegations as to Time, 14 A.L.R.3d 1297, 1304 (1967). In our neighboring state of Maryland, for example, an indictment may be amended to correct an erroneous date. See Johnson v. State, 21 Md.App. 214, 220–221,

319 A.2d 581, 585 (1974) (trial court did not abuse its discretion in permitting indictment to be amended by changing date of alleged burglary from January 6, 1972, to August 6, 1972, when error was typographical and defendant could not have been surprised by the amendment), rev'd on other grounds, 274 Md. 536, 336 A.2d 113 (1975); Wilkins v. State, 16 Md.App. 587, 602, 300 A.2d 411, 419 (1973) (under rule permitting amendment of indictment at any time before verdict as to matters of form, trial court did not err in granting state's motion to amend indictment to allege that murder was committed on December 14, 1970, rather than December 14, 1971), aff'd, 270 Md. 62, 310 A.2d 39 (1973), cert. denied, 415 U.S. 992, 94 S.Ct. 1592, 39 L.Ed.2d 889 (1974).

■■■■ We adopt the reasoning of these various federal and state courts and hold that amending the date alleged in an indictment is generally a matter of form rather than substance and is thus permissible. The nature of the charges in this case was clear from the language of the indictment. In addition, and very importantly, appellant was placed on notice of the actual date of the alleged offenses through pre-trial discovery.[4] He has never claimed, either in the trial court or on appeal, that he did not know the correct date; indeed, at trial he presented witnesses who testified about the events of August 18, not October 7. We conclude that the amendment of the indictment did not cause any prejudice to the defense. It follows that the trial court did not err by allowing the government to amend the indictment by changing the date of the alleged offense from October 7, 1994, to August 18, 1994, and that the judgment of conviction must therefore be

*Affirmed.*

■■■■■■■■

4. The arrest warrant also correctly stated the date of the offenses.